**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRIS COATNEY,

       Plaintiff,

                              CASE NO. 07-15371
v.                         HON. LAWRENCE P. ZATKOFF

CITY OF DEARBORN,
SGT. DOUGLAS TOPOLSKI,
CORPORAL PATRICK HAYES, and
OFFICER RICHARD MASSIC,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 10, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Plaintiff's motion for partial summary judgment [dkt 20] and Defendants' motion for summary judgment [dkt 26]. The parties have fully briefed Defendants' motion. Defendants responded to Plaintiff's motion, but the time within which Plaintiff may reply has expired. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's motion for partial summary judgment [dkt 20] is DENIED, and Defendants' motion for summary judgment [dkt 26] is GRANTED.

## II.  BACKGROUND

Rooted in his religious beliefs, Plaintiff works in support of the pro-life movement.  He "speaks, displays signs, and passes out literature in hopes of helping people to see the horror of abortion and choose life."  In particular, Plaintiff regularly stands outside the American Family Planning Clinic in Dearborn, Michigan, to speak with passersby about abortion.  In an attempt to further his message, Plaintiff adorned a 34-foot-long bus with pro-life materials, including pictures of mangled, aborted fetuses.

Plaintiff previously parked his bus near the American Family Planning Clinic.  Plaintiff's bus, however, generated numerous complaints from the citizens of Dearborn.  According to Defendant Sergeant Topolski of the Dearborn Police Department, the citizens complained primarily about the content of the signs rather than the illegality of the bus's parking.  Sgt. Topolski testified that he wanted to do something in response to the complaints so he "looked for a law that applied to the situation and used that law."

On November 5, 2004, as a result of mounting complaints, Sgt. Topolski issued a memorandum to his police department in which he stated that he had "checked with the Legal Department to see if we could issue Mr. Coatney tickets based on state law."  Ultimately, officers were instructed to issue citations to Plaintiff under Michigan Uniform Traffic Code R. 28.1819, which forbids parking a bus publically unless done so at a bus stop.  The Michigan Uniform Traffic Code is a group of model ordinances and, at that time, Dearborn had not actually adopted the provision at issue.  Plaintiff was warned that his parking was illegal and was provided copies of the relevant ordinances and rules, including R. 28.1819.  Sgt. Topolski first cited Plaintiff under the Uniform Traffic provision on December 15, 2004.  On consecutive days in January, Defendant

Corporal Hayes cited Plaintiff pursuant to the same provision. On January 17, 2005, Sgt. Topolski instructed Defendant Officer Massic to issue Plaintiff a fourth citation.

Plaintiff contested these four citations in state court, arguing that the R. 28.1819 was vague and inapplicable to his bus and the location at which he parked. Judge Wygonik of the 19th District Court for the City of Dearborn declared the provision constitutional as applied. Accordingly, Judge Wygonik found Plaintiff responsible for all of the citations. Plaintiff appealed the decisions, but Judge Vonda Evans denied the appeal.

On April 22, 2005, Plaintiff parked his bus at a bus stop. This time Plaintiff received a citation for parking at a bus stop under section 18-351 of the Dearborn Code of Ordinances because bus stops are only to be used for public transportation. Plaintiff requested a hearing at which he was again found responsible. Out of fear of further citations, Plaintiff has stopped using his bus. Instead, Plaintiff utilizes a 17-foot-long Ford cargo van, which contains some of the same materials that appeared on the bus but cannot accommodate all of the materials. Since switching from bus to van, Plaintiff has not received any citations and has been able to conduct his affairs without disruption. Regardless, Plaintiff believes that his message is more effectively conveyed by using the bus and its increased surface area for signs, and he desires to use it again.

Plaintiff now brings this suit, alleging violations of the free exercise clause and his right to free speech under the First Amendment.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. The moving party must also set forth facts sufficient to establish its case: "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

Plaintiff contends that he was exercising his protected First Amendment rights and Defendants violated those rights when they issued him citations pursuant to a model ordinance that the City of Dearborn had not yet adopted. Plaintiff argues that this infringement of his constitutional rights occurred in a traditional public forum and cannot be justified by either strict or heightened scrutiny. Accordingly, Plaintiff maintains that he is entitled to injunctive relief; specifically, Plaintiff wants to continue using his pro-life bus.

Defendants respond that Plaintiff's action is barred by res judicata since Plaintiff was found accountable for the citations in state-court proceedings in which he was represented by an attorney. During the state-court proceedings, Plaintiff raised some constitutional challenges but did not raise the issue of enforceability. According to Defendants, Plaintiff thereby waived his enforceability argument. In the alternative, Defendants maintain that Plaintiff's First Amendment rights were not

4

violated under either strict or intermediate scrutiny.

In this matter, Plaintiff essentially contests the state-court determinations that he was responsible for the citations he received. Under such circumstances, the Court finds that it lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine, which stands for the "proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). If Plaintiff is dissatisfied with the outcome of the state-court actions, his sole recourse is through the state-court system and then to the United States Supreme Court. *Leach*, 105 F. Supp. 2d at 713. Because Plaintiff's present suit amounts to a federal "appeal" of state-court determinations, this Court lacks jurisdiction over Plaintiff's complaint.

Even if the Court had jurisdiction over this matter, the doctrine of res judicata would bar the Court from entertaining Plaintiff's complaint. The doctrine of res judicata "provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Res judicata applies to cases involving civil infractions. *Leach v. Manning*, 105 F. Supp. 2d 707, 712–13 (E.D. Mich. 2000). When the relevant prior action is a state-court judgment, application of res judicata triggers the "Full Faith and Credit Clause" of Article IV, section 1 of the United States Constitution as well as 28 U.S.C. § 1738, which requires "federal courts to give preclusive effect to the state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Haring v. Prosise*, 462 U.S. 306, 313 (1983) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

In this case, the law of Michigan dictates what preclusive effect Michigan courts would give to Plaintiff's prior state-court hearings. Michigan's test for the application of res judicata involves four discrete elements: "(1) the prior action was decided on the merits, (2) the decree in the prior decision was a final decision, (3) both actions involved the same parties or their privies, and (4) the matter in the second case was or could have been resolved in the first." *Ditmore v. Michalik*, 625 N.W.2d 462 (Mich. Ct. App. 2001), *quoted in Carroll v. Detroit*, 410 F. Supp. 2d 615, 620 (E.D. Mich. 2006).

In this case, Plaintiff contested the civil-infraction citations he received under the model ordinance R. 28.1819 in state court. Plaintiff, who was represented by counsel, had a full hearing on the citations in which he argued that R. 28.1819 was unconstitutional. In contesting the citations, however, Plaintiff did not argue against the rule's enforceability. The state-court judge declared the rule constitutional as applied to Plaintiff who was accordingly adjudged "responsible" for each of the citations. Plaintiff's appeal of this decision was denied. The prior action involved Plaintiff and Defendant City of Dearborn. The individual defendants in the present matter were not parties to the prior action; however, as employees of Defendant City of Dearborn, they are in privity with the City of Dearborn. *See, e.g.*, *Motuelle v. Ruffini*, No. 244557, 2004 Mich. App. LEXIS 1442, at *8–10 (Mich. Ct. App. June 8, 2004) (per curiam). Plaintiff's claim that R. 28.1819 is unenforceable because it was never adopted would have conceivably provided Plaintiff with an absolute defense to the citations he received and should have been made in conjunction with Plaintiff's defense in the state-court proceedings. The Court finds that, under Michigan law, the requirements for the application of res judicata are present in this case and therefore, Plaintiff's action must be dismissed.

The Court's conclusion is bolstered by the decision in *Leach*, 105 F. Supp. 2d 707. In that

case, the plaintiffs received civil citations from the City of Pontiac for alleged violations of Pontiac's ordinances and housing code. In state-court proceedings, the plaintiffs were adjudged "responsible" for several of the alleged violations. The plaintiffs then brought suit in federal district court. The court held that, "to the extent that Plaintiffs are challenging each individual civil infraction citation as an unlawful attempt to enforce a municipal ordinance . . . those challenges fail under principles of res judicata, at least as to those citations that have been resolved in state courts." *Id.* at 712–13. The court further noted that the plaintiffs' unenforceability argument should have been raised in the state-court proceedings:

> In the context of each such citation that has been the subject of a state court proceeding, Plaintiffs could have raised—and perhaps did raise— their argument that Pontiac's ordinances are unenforceable as to their property. This argument, if accepted, would be a complete defense to the civil infractions charged against Plaintiffs. Plaintiffs' opportunity to assert this defense in the state court proceedings—an opportunity Plaintiffs have not denied—precludes any further litigation on the question whether Plaintiffs' property is subject to the City's ordinances.

*Id.* at 713. Similarly, in this case, Plaintiff was afforded a hearing on the citations he received and he mounted a fairly extensive defense to those citations yet was adjudged responsible for them. Plaintiff argues that "common sense dictates that Mr. Coatney should not be barred from relief merely because the criminal courts in Michigan found R. 28.1819 applicable to Mr. Coatney's conduct." The Court, however, may not disregard the principles of res judicata on the basis of Plaintiff's "common sense."

As an alternative to his common-sense argument, Plaintiff contends that the decision in *Carroll*, 410 F. Supp. 2d 615, supports his position that his claims should not be barred by res judicata. In *Carroll*, the plaintiffs had been charged with violating the City of Detroit's anti-scalping

ordinance. In response to Detroit's contention that the plaintiffs should have raised their constitutional challenges to the ordinances in their criminal proceedings, the Court observed that "[c]laim preclusion does not extend from criminal prosecutions to civil actions. Our traditional division between civil and criminal procedure does not contemplate any opportunity for joining any civil claim with the criminal prosecution." *Id.* at 620. Despite Plaintiff's averments to the contrary, he was not charged criminally. The state-court proceedings were civil in nature and therefore, the concerns raised in *Carroll* do not apply. Accordingly, Plaintiff's complaint must be dismissed.

## V. CONCLUSION

For the above reasons, Defendants' motion for summary judgment is GRANTED. Plaintiff's motion for partial summary judgment is DENIED.

IT IS SO ORDERED.

                                        S/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: February 10, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 10, 2009.

                                        S/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290